UNITED STATES COURT OF APPEALS
For the Fifth Circuit

_____

No. 02-40685

_____

AUGUSTINA REYNA GONZALEZ; ESTEVAN PENA, Individually and as next friend of Ashley Salazar, Individually and as next friend of Zena Salazar, Individually and as next friend of Gabriela Salazar; NANCY PENA, Individually and as next friend of Kirstopher Salazar; DANIEL DE LA ROSA; MANUEL GARCIA; ANDREW BOTELLO; LEO BOTELLO; RITA BOTELLO; STEVEN BOTELLO; CHRISTOHPER CARRILLO; JULIAN CARILLO; NANCY CARRILLO; ELSA CERVANTES; FRANCISCO CHAPA; KENDRA CISNEROS; KEVIN CISNEROS; GABRIEL CORTEZ; OFELIA CORTEZ; ODELIA CRUZ; FLORENCE DELEON; RUBEN DELEON; ROSALINDA DUNNE-REYNA; MATILDA DURAN; AMBER EASTMAN; ASHLEY EASTMAN; CHRISTINA EASTMAN; AMBER ESCARENO; ERIKA ESCARENO; ROSIE ESCARENO; ANGELICA FAJARDO; DANIEL FARAGOSA; JOHN FARAGOSA; SUSIE FARAGOSA; EVANGELIA FORD; CANDY GARCIA; ENEDEO GARCIA; FIDELITY GARCIA; JESSICA GARCIA; JESUSA GARCIA; ZULEMA GARCIA; ANGELA GARZA; ANNETTE GARZA; JANIE GARZA; ROBERT GARZA; EMEDE GONZALEZ; ERMELINDA GONZALEZ; JESUS GONZALEZ; JULIA GONZALEZ; RUBEN GONZALEZ; JOHN GREATHOUSE; SUZANNE GREATHOUSE; YOLANDA GUAJARDO; DALMIRA CALDERON; BRYANNA GUTIERREZ; CRYSTAL GUTIERREZ; DANIEL GUTIERREZ; OTILIA GUTIERREZ; SALLY GUTIERREZ; SARAH GUTIERREZ; GRACIE HERNANDEZ; PETER HERNANDEZ; DANIEL IBANEZ; KRISTY IBANEZ; MICHELLE IBANEZ; CHARLES JINKS; GENOVEVA LANDA; ELIBARDO LEAL; MARIA LEAL; NORMA LEAL; EMESTINA LERMA; GLORIA LERMA; MICHELLE LERMA; RAPHAELA LERMA; ELVIRA LOPEZ; ISAAC LOPEZ; JOSEPHINA LOPEZ; KRYSTAL LOPEZ; MARY JANE LOPEZ; MONICA LOPEZ; PATSY LOPEZ; REBECCA LOPEZ; REBECCA LOPEZ; SONNY LOPEZ; STEPHANIE LOPEZ; DECIDERIA MARQUEZ; CODY MARTINEZ; DONACIANO MARTINEZ; ESPARANZA MARTINEZ; JOSE MARTINEZ; LUPITA MARTINEZ; PETE MARTINEZ; ROSA MARTINEZ; MELISSA MARTINEZ-IBANEZ; ALAURA ORTIZ; ANTHONY ORTEZ; CASSANDRA ORTIZ; CHRISTINA ORTIZ; DOMINGO ORTIZ; JOEL ORTIZ; JULIAN ORTIZ; LORA ORTIZ; MARGARITA ORTIZ; OCTAVIO ORTIZ; VIVIAN ORTIZ; CONRAD PEREZ; CRYSTAL PEREZ; OLGA PEREZ; STEPHANIE PEREZ; MARVIN PRATHER; HUGO ROMERO; CRAIG ROSAS; MARTHA RUIZ; LYDIA SALAZAR; BEATRICE SANCHEZ; HOPE SANCHEZ; RONALD SANCHEZ; STEVEN AUSTIN SANCHEZ; SIERRA SOLIZ; ILIANA SUAREZ; TAMARA SUAREZ; JOEY VALDEZ; VELMA VALDEZ; CARMEN VARGAS; DIANA VARGAS; GLORIA VARGAS; GREGORIO VARGAS; JOSE VARGAS; MICHELLE VARGAS; ELOISE VELA; ERNESTINA VELA; DIANE WITHERSPOON; QUIRINO YZAGUIRRE; ELIBARDO LEAL;

**ET AL,**

                                **Plaintiffs - Appellees**

        **v.**

        **CITGO PETROLEUM CORPORATION;**
  **CITGO REFINING AND CHEMICALS COMPANY L P,**

                                **Defendants - Appellants.**

_____

Appeal from the United States District Court
For the Southern District of Texas, Corpus Christi
C-02-CV-169
August 22, 2002

_____

Before DAVIS, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

        After reviewing the briefs and hearing oral argument, the court concludes that there is no appellate jurisdiction over the district court's decision to remand the original plaintiffs' claims to state court.

        Citgo correctly points out that if the district court had remanded the original plaintiffs' claims based on 28 U.S.C. § 1367(c), the order would be reviewable because it was not based on a ground that precludes appellate review.  See 28 U.S.C. § 1447(d). We cannot so construe the order, however.  The district court never

_____

   [*]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

refers to § 1367 expressly or impliedly in the trial court record, and Citgo's only briefing on the provision disclaimed reliance on § 1367(c).

Moreover, it is not appropriate for us to raise § 1367(c) <u>sua</u> <u>sponte</u> as a "jurisdictional" matter, since in this case, our purpose would be solely to analyze the propriety of the district court's exercise of a discretionary power to remand conferred by that provision. That the power was discretionary sets it apart from other jurisdictional determinations. We cannot and need not review the court's exercise of discretion on a matter where the court didn't intend to be invoking the discretionary power.

The court's express reason for remanding the original plaintiffs' claims was that their removal occurred more than one year after the filing of the complaint. See 28 U.S.C. § 1446(b). Since this reason is "procedural" within the scope of 28 U.S.C. § 1447(d), appellate review is barred. The court may or may not have erred in separating the 12 intervenors' claims from those of the original 5000 plaintiffs, but this question is so functionally intertwined with the remand order that to review it separately would conflict with the express statutory prohibition on non-reviewability.

**APPEAL DISMISSED.**